# COMPOSITE
# EXHIBIT B
All State Court Pleadings

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

JENNIFER HOOD,

      Plaintiff,

v.                                                              Case No. _____

UNIVERSITY OF SOUTH FLORIDA, BOARD
OF TRUSTEES,

      Defendant.

_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER HOOD ("Plaintiff" or "Hood"), by and through the undersigned counsel, hereby sues Defendant, UNIVERSITY OF SOUTH FLORIDA, BOARD OF TRUSTEES ("Defendant" or "USF") and alleges as follows:

### CAUSES OF ACTION

1.    This is an action brought under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*.

### PARTIES

2.    Plaintiff Jennifer Hood is an individual and currently resides in Hillsborough County, Florida and at all material times was employed by Defendant.

3.    Defendant, University of South Florida, Board of Trustees, is a public university system operating in the State of Florida.

### JURISDICTION AND VENUE

4.    This action includes claims for damages in excess of $50,000.00, exclusive of interest, costs, and attorney's fees.

**CALCIANO PIERRO, PLLC**

5.    This Court has jurisdiction over this matter pursuant to the Family Medical Leave Act (FMLA), 29 U.S.C. 2617(a)(2) and the laws of the State of Florida.

6.    Venue is proper in Hillsborough County, Florida because Defendant resides and conduct business in, and all of the events giving rise to Hillsborough's claim occurred in Hillsborough County.

7.    All conditions precedent to maintaining this action have been performed, have occurred, have been excused, have been waived, or are futile.

### GENERAL ALLEGATIONS

8.    On May 22, 2017 Plaintiff was hired by the University of South Florida as the Fire Safety Systems Manager and was an eligible employee under the FMLA.

9.    Plaintiff's direct supervisor was Assistant Director of Facilities, Hari Patel. His direct supervisor was Director of Facilities, Toufic Moumne.

10.    Throughout Plaintiff's employment with USF, she received positive annual performance evaluations with overall ratings of "commendable" or above.

11.    In late October 2022, Plaintiff informed her supervisors that she would need to take leave to care for her mother, father and daughter to their serious health conditions.

12.    Thereafter, Plaintiff noticed a negative change in management's behavior toward her.

13.    On November 2, 2022, Plaintiff formally applied for FMLA leave to care for her mother, father and daughter due to their serious health conditions.

14.    At that time, Plaintiff was an eligible employee under the FMLA with an available leave entitlement.

15.    Plaintiff provided all required documentation in connection with the requested leave.

2

CALCIANO PIERRO, PLLC

16.    On November 4, 2022, Vice President of Facilities and Public Safety, Carol Post and Mr. Moumne arrived at Mr. Patel's office to meet with him.

17.    Prior to the meeting, Ms. Post entered Plaintiff's office stating that she heard about Plaintiff's family and asked how they were doing.

18.    Shortly thereafter, Ms. Post, Mr. Moumne and Mr. Patel proceeded to meet by Mr. Moumne's office with all of the managers overseen by Mr. Moumne.

19.    It was then that Plaintiff overheard them talking about her. In part, a statement was made that she had not signed her previous year's performance evaluation.

20.    As they were all aware, that performance evaluation had been the subject of an internal complaint Plaintiff had made regarding a false statement made in the evaluation.

21.    Plaintiff's complaint regarding the false statement was sustained and the evaluation was supposed to be revised.  Nonetheless, a corrected version was not forthcoming, and therefore, Plaintiff did not sign it.

22.    On November 7, 2022, Assistant Vice President of Administrative Services, Jennifer Fleischman called Plaintiff into a conference room with a representative of Human Resources appearing by video.

23.    At that time, Plaintiff received a letter from Ms. Fleischman formally notifying her that her employment would end at the close of business on February 7, 2023 with an offer to tender her resignation which would supersede the non-reappointment.  Plaintiff was told to turn in her keys and laptop by 5:00 p.m. and leave.

24.    Defendant did not provide a specific reason for Plaintiff's termination. The non-reappointment letter simply stated that the "decision was based on the conclusion that it [was] no longer in the University's best interest to continue [my] appointment. Thus, this notice of non-

3

reappointment does not constitute a dismissal for cause or disciplinary action, but rather the exercise of the university's prerogative to discontinue its employment relationship with you with proper notice given."

25.     Defendant's reason for Plaintiff's termination was pretextual and intended to mask the real reason for her discharge, i.e., her exercise of FMLA leave rights for the purposes of caring for her immediate family members who suffered from serious health conditions.

26.     Plaintiff has had to retain the undersigned counsel to bring the instant action and will incur attorney's fees for said representation.

## COUNT I
### *(Violation of The Family and Medical Leave Act)*

27.     Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 26.

28.     Under the FMLA, an eligible employee is entitled to take leave for up to 12 weeks in a 12-month period to care for a family member with a serious health condition. (29 U.S.C. 2612(a)(1)(C)).

29.     Plaintiff was an eligible employee and had a right to take leave under the FMLA.

30.     At the time she requested FMLA leave, Plaintiff had been employed by Defendant for at least 12 months.

31.     At the time she requested FMLA leave, Plaintiff had worked at least 1,250 hours for Defendant during the 12-month period immediately preceding her request for leave.

32.     At the time she requested FMLA leave, Plaintiff had available leave.

33.     Defendant's termination of Plaintiff's employment constitutes a violation of the FMLA, as it was an adverse employment action taken because of Plaintiff's exercise of leave rights. (92 U.S.C. 2615(a)).

4
**CALCIANO PIERRO, PLLC**

34.    Defendant's conduct in this regard was willful and not made in good faith.

35.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages, benefits, and other compensation.

### Prayer for Relief

WHEREFORE, Plaintiff, Jennifer Hood, respectfully requests that this Court enter judgment in her favor and against Defendant, University of South Florida, Board of Trustees, and award the following relief:

a.    Reinstatement to her former position or an equivalent position or front pay in lieu thereof;

b.    Compensation for all lost wages, benefits, and other remuneration;

c.    Liquidated damages as provided under the FMLA;

d.    Prejudgment and post-judgment interest;

e.    Attorney's fees and costs of this action; and

f.    Any other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury as to all issues triable as of right.

Dated this 7th day of November 2024.          Respectfully submitted,

_s/ R. Michael Pierro, Jr._
R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
*Counsel for Plaintiff*
**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
Primary:     mike@flemploymentlaw.com
Secondary:  tracy@flemploymentlaw.com

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>THIRTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>HILLSBOROUGH</u>   COUNTY, FLORIDA

<u>Jennifer Hood</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>University of South Florida, Board of Trustees</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☐  $30,001- $50,000
- ☐  $50,001- $75,000
- ☐  $75,001 - $100,000
- ☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**      **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**      **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**      **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**      **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ R. Michael Pierro Jr.</u>         Fla. Bar # <u>13023</u>
      Attorney or party                    (Bar # if attorney)

<u>R. Michael Pierro Jr.</u>             <u>11/07/2024</u>
(type or print name)            Date

IN THE CIRCUIT COURT IN AND FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

JENNIFER HOOD,

      Plaintiff,

v.

UNIVERSITY OF SOUTH FLORIDA, BOARD
OF TRUSTEES,

      Defendant.

Case No. _____
Division _____

## **SUMMONS**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

      **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s)

University of South Florida
Office of the Board of Trustees Operations
4202 E. Fowler Avenue, CGS301
Tampa, FL 33620

      Each defendant is required to serve written defenses to the complaint or petition on **R. Michael Pierro, Jr.,** plaintiff's attorney, whose address is **Calciano Pierro, PLLC, 146 2nd Street North, Suite 304, St. Petersburg, FL 33701**, within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED** on _____.

Attorney: <u>R. Michael Pierro, Jr.</u>
Attorney for: <u>Plaintiff</u>
Address: <u>Calciano Pierro, PLLC</u>
<u>146 2nd Street North, Suite 304</u>
<u>St. Petersburg, FL 33701</u>

Florida Bar Number: <u>0013023</u>

**CINDY STUART**
**As Clerk of the Court**

**By:** _____
**As Deputy Clerk**
P.O. Box 3360       800 E. Twiggs St
Tampa, FL 33601    Room 101
                   Tampa, FL 33602

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

Florida Rules of Civil Procedure Form 1.902(a) (Revised 02/18/2021)         Page 1 of 3

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de ADA, Hillsborough County Courthouse, 800 E. Twiggs St., Sala 604, Tampa, Florida 33602, (813) 272-7040, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter le coordinateur de l'ADA Hillsborough County Courthouse, 800 E. Twiggs St., Salle 604, Tampa, Florida 33602, (813) 272-7040 au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prevue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

**Enpòtan**

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan HillsboroughCounty Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

--

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

JENNIFER HOOD,

     Plaintiff,

v.                          Case No. _____

UNIVERSITY OF SOUTH FLORIDA, BOARD
OF TRUSTEES,

     Defendant.

## NOTICE OF APPEARANCE AND EMAIL DESIGNATIONS

NOTICE IS HEREBY GIVEN that R. Michael Pierro, Jr., and the law firm Calciano Pierro, PLLC, hereby enter their appearance as counsel of record for Plaintiff, Jennifer Hood, in the above-referenced matter. All future pleadings and correspondence to Plaintiff in this litigation should also be served upon the undersigned counsel at the office address shown below.

Pursuant to Rule 2.516(b)(1)(A), Florida Rules of Judicial Administration, hereby designate the following e-mail addresses to be used for service of court papers in this action:

|  **Primary Email Address:**  |  **Secondary Email Address:**  |
|---|---|
| mike@flemploymentalw.com | tracy@flemploymentlaw.com |

Dated this 7th day of November 2024.    Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
*Counsel for Plaintiff*
**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
Primary: mike@flemploymentlaw.com
Secondary: tracy@flemploymentlaw.com

CALCIANO PIERRO, PLLC

--

**IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

JENNIFER HOOD
_____

Case Number: _____

_____

Division: _____

Plaintiff(s)/Petitioner(s)

vs

UNIVERSITY OF SOUTH FLORIDA, BOARD
_____

OF TRUSTEES
_____

Defendant(s)/Respondent(s)

## REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

☑ Tampa Division

☐ East Division (check all that apply):
    ☐ The Defendant resides within the East Division boundaries;
    ☐ The cause of action occurred within the East Division boundaries;
    ☐ The property in litigation is located within the East Division boundaries

☐ Prior Division (Please indicate Case Number and Division of previously filed action: _____ )

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders.  If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: R. Michael Pierro, Jr.

Address: Calciano Pierro, PLLC

146 2nd Street North, Suite 304, St. Petersburg, FL 33701

Phone Number: 727-217-5400

Email Address(es): mike@flemploymentlaw.com

--

## IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

JENNIFER HOOD

      Plaintiffs,

v.                              Case Number: 24-CA-008925
                                      Division G

UNIVERSITY OF SOUTH FLORIDA, BOARD OF TRUSTEES

      Defendants.

---

## DIFFERENTIATED CASE MANAGEMENT ORDER &

## NOTICE OF CASE MANAGEMENT HEARING

## ON 6/26/2025 AT 9:00 AM

## (GENERAL CIRCUIT CIVIL CASES FILED AFTER APRIL 30, 2021)

      THIS CAUSE comes before the Court on review of Amendment 12 to Florida Supreme Court Administrative Order AOSC20-23 (the "**Supreme Court Order**").  The Supreme Court Order directs the chief judge of each circuit to issue an administrative order requiring the presiding judge for each civil case to actively manage civil cases in accordance with a differentiated case management process.  Consistent with this requirement, the Chief Judge of the Thirteenth Judicial Circuit issued Administrative Order S-2021-060 (the "**Case Management Plan**") on April 26, 2021.

      Accordingly, it is now

      **FOUND, ORDERED,** and **ADJUDGED** that:

1. **Designation of Case.**  This case is preliminarily designated as a *General* civil case, as defined by the Supreme Court Order and the Case Management Plan.

2. **Plaintiff's Obligation to Serve DCM Order on All Defendants.**  Consistent with the Case Management Plan, this Differentiated Case Management Order & Notice of Hearing (the "**DCM Order**") has been generated automatically upon the filing of the complaint and will be provided to Plaintiff along with the summons.  Plaintiff is **DIRECTED** to serve the DCM Order on each and every named defendant in the same manner and at the same time as the complaint itself is served.

Filed 11/8/2024 2:32:29 PM Hillsborough County Clerk of the Circuit Court

3. **Conformity with Supreme Court Order's Directive.** The deadlines established in this DCM Order are set in conformity with the Supreme Court Order's directive that General civil cases be managed according to the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

4. **Procedure for Modification of Deadlines.** Counsel or any self-represented parties, or both, may seek to modify the deadlines set forth in this order by either:

   a.    Filing a motion and setting it for hearing; or

   b.    Stipulating to new deadlines and submitting an Amended Differentiated Case Management Order. The Amended Differentiated Case Management Order ("**Amended DCM Order**") form is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Amended DCM Order must include a date for a court-ordered case management conference (the "**Court-Ordered Case Management Conference**"). Hearing time for the Court-Ordered Case Management Conference should be secured on either a Uniform Motion Calendar ("**UMC**") docket or a 15-minute hearing docket.

5. **Procedure for Setting Firm Trial Date When Case is at Issue.** Consistent with the Supreme Court Order's mandate, the deadlines set forth in this DCM Order contemplate a projected trial date within the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B). A firm trial date will be set through entry of a Uniform Order Setting Trial & Pretrial at the Court-Ordered Case Management Conference or as otherwise provided in this order.

6. **Court-Ordered Case Management Conference.** It is appropriate to set a Court-Ordered Case Management Conference prior to the close of fact discovery to both assess the progress of the case and set a firm trial date.

   a.    **Date and Time for Court-Ordered Case Management Set Below.** A date and time for the Court-Ordered Case Management Conference is set below.

   b.    **Method of Conducting Court-Ordered Case Management Conference:** The Court-Ordered Case Management Conference will be conducted remotely through the use of the following technology and connection instructions:

   **Zoom link:** ht https://zoom.us/j/4812642204
   **Meeting ID:** 4812642204.

   c.    **Attendance Mandated.** Counsel and any self-represented parties **MUST ATTEND** unless otherwise excused by the Court and must be prepared to discuss selection of a firm trial date and corresponding pretrial conference date and time.

     d.  **Process for Securing Excusal from Attending the Court-Ordered Case Management Conference:**

        i.  **Automatic Excusal.**

           1.  Unless otherwise ordered by the presiding judge, counsel or any self-represented parties, or both, are automatically excused from attending the Court-Ordered Case Management Conference if a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) has been submitted to and signed by the Court at least 30 days before the date of the Court-Ordered Case Management Conference; and

           2.  Any party seeking to invoke this automatic excusal provision should notify the judicial assistant by email sent to the division email address within 3 business days of the date the Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) is signed.

        ii.  **Discretionary Excusal.**

           1.  Counsel or self-represented parties, or both, may seek a discretionary excusal from the Court-Ordered Case Management Conference by filing a motion and submitting an agreed proposed order excusing attendance by the Court on one of the following grounds:

              a.  The Court has signed an Amended DCM Order, either by stipulation or by filing a motion and setting a hearing, <u>AND</u> the Amended DCM Order sets a new Court-Ordered Case Management Conference; or

              b.  Counsel has otherwise demonstrated good cause to believe that the case is otherwise in full compliance with the Supreme Court Order's mandate and the Case Management Plan.

     e.  **Failure to Attend Court-Ordered Case Management Conference.**  The failure to attend the Court-Ordered Case Management Conference may result in the case being set for a trial date without input of the absent counsel or self-represented party, or both; dismissal of the complaint without prejudice; entry of a judicial default; monetary sanctions against counsel or any self-represented parties, or both; or any other sanctions deemed appropriate by the presiding judge.

7.  **Firm Trial Date to be Set by Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).**  Once a firm trial date is selected, counsel will be directed to prepare and

submit through the Florida E-Portal (the "**Portal**") a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021), which is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) will require calculation of additional deadlines in a specified manner.

8. **Requirement to Review and Comply with Administrative Order for Circuit Civil Division.** Counsel and any self-represented parties are **DIRECTED** to review and comply with all provisions of the Thirteenth Circuit's Administrative Order S-2021-014 (*Circuit Civil Division*), and any successive administrative order.

9. **Certificate of Conferral for Non-Dispositive Motions.**

   a. **When Required.** Except for a motion (i) for injunctive relief; (ii) for judgment on the pleadings; (iii) for summary judgment; (iv) to dismiss or to permit maintenance of a class action; (v) to dismiss for failure to state a claim upon which relief can be granted; or (vi) to involuntarily dismiss an action, before the moving party or moving party's counsel files any other motion, the party or counsel should confer with the opposing party or opposing counsel in a good faith effort to resolve the issues raised by the motion. The moving party or moving party's counsel should include in the body of the motion a statement certifying that the moving party or moving party's counsel has conferred with the opposing party or opposing party's counsel—either in person, by telephone, or by video conferencing device—and stating whether the party or counsel agree on the resolution of the motion. A certification to the effect that opposing party or opposing party's counsel was unavailable for a conference before filing a motion should describe, with particularity, all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the subject motion.

   b. **Cancelation of Hearing/Denial of Motion Filed Without Certificate of Conferral.** Counsel and any self-represented parties should anticipate that a hearing set on a motion that lacks such a certification will be canceled and the motion may be denied without a hearing for failure to comply with this requirement.

   c. **Form of Certificate of Conferral.** The certificate of conferral should be substantially in the following form:

      **Certificate of Conferral Prior to Filing**

      ***"I certify that prior to filing this motion, I attempted to resolve the matter by discussing the relief requested in this motion by*** *[date and method of communication (select one of the following: in person, telephone, or video conference)]* ***with the opposing party or counsel and*** *[the opposing party or*

*counsel did not agree to that the motion could be resolved without the necessity of a hearing] OR [the opposing party or counsel did not respond and (describe with particularity all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the motion)].*"

10. **Discovery Provisions.**

    a. **Fact Discovery.**

        i. All discovery must be served in time for a timely response to be received prior to the deadline for completion of fact discovery.

        ii. All non-expert witness depositions must occur prior to the deadline for completion of fact discovery.

        iii. Failure to timely complete discovery by the deadline for completion of fact discovery may result in, among other things, exclusion of evidence or other sanctions, or both.

    b. **Expert Discovery.**

        i. Expert disclosure must occur by the deadline indicated below.

        ii. Contemporaneous with disclosure of each expert, the disclosing party must provide to all other parties:

            1. No less than five proposed deposition dates, all of which must be prior to the deadline to complete expert discovery; and

            2. For each expert:

                a. Identify the expert's area of expertise;

                b. Identify the subject matter on which the expert is expected to testify;

                c. Summarize the substance of the facts and opinions to which the expert is expected to testify; and

                d. Summarize the grounds for each opinion.

        iii. The court may preclude an expert from testifying outside of the disclosed opinions.

Filed 11/8/2024 2:32:29 PM Hillsborough County Clerk of the Circuit Court

iv.  All expert witness depositions must be conducted prior to the deadline for completion of expert discovery.

v.  It is the responsibility of counsel to select experts who:

1.  Are prepared to make themselves available for deposition within the expert discovery period; and

2.  Are prepared to respond promptly to requests for deposition dates.

vi.  If an expert cannot be deposed prior to the deadline for completion of expert discovery despite timely and reasonable efforts of opposing counsel to secure deposition dates, that expert's testimony may be excluded at trial.

11. **Deadlines.** The deadlines set forth below are **ESTABLISHED** and will **GOVERN** this case and will be strictly enforced by the Court. Counsel and any self-represented parties are **DIRECTED** to review, calendar, and abide by them:

| Action or Event | Date |
|---|---|
| **Complaint filing date.** | 11/07/2024 |
| **Deadline for service of complaint.**<br>[120 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 3/7/2025 |
| **Deadline for adding parties.**<br>[150 days after filing of complaint; subject to Rule 1.210, Fla. R. Civ. P.] | 4/7/2025 |
| **Deadline for service under extensions.**<br>[180 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 5/6/2025 |
| **Court-Ordered Case Management Conference.**<br>NOTE: This hearing will be conducted remotely. Please see paragraph 6(b) for connection instructions.<br>[210 days after filing of complaint.] | **06/26/2025**<br>At<br>**9:00 AM** |
| **Deadline for completion of fact discovery.** | 8/4/2025 |

| | |
|---|---|
| [270 days after filing of complaint.] | |
| **Deadline for filing motion to compel   discovery.**<br><br>[284 days after filing of complaint.] | 8/18/2025 |
| **Plaintiff's expert disclosure deadline.**<br><br>[300 days after filing of complaint.] | 9/3/2025 |
| **Defendant's expert disclosure deadline.**<br><br>[330 days after filing of complaint.] | 10/3/2025 |
| **Rebuttal expert disclosure deadline.**<br><br>[344 days after filing of complaint.] | 10/17/2025 |
| **Deadline for completion of compulsory medical exam, if applicable and requested ("CME").**<br><br>[390 days after filing of complaint; subject to Rule 1.360(1)(A), Fla. R. Civ. P.] | 12/2/2025 |
| **Deadline for completion of mediation or non-binding arbitration.**<br><br>[420 days after filing of complaint.] | 1/1/2026 |
| **Deadline for completion of expert discovery.**<br><br>[420 days after filing of complaint.] | 1/1/2026 |
| **Month and year of the projected trial term.**<br><br>[540 days after filing of complaint; *see* Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B); firm trial date will be set by entry of a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).] | May, 2026 |

ENTERED by the undersigned judge on the date imprinted below.

24-CA-008925 11/8/2024 2:32:29 PM

24-CA-008925 11/8/2024 2:32:29 PM
Christopher C. Nash, Circuit Judge

Filed 11/8/2024 2:32:29 PM Hillsborough County Clerk of the Circuit Court

--

Case 8:25-cv-00802-TPB-SPF    Document 1-3    Filed 04/01/25    Page 26 of 38 PageID 42

IN THE CIRCUIT COURT IN AND FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

JENNIFER HOOD,

      Plaintiff,

v.

Case No. **24-CA-008925**

Division **G**

UNIVERSITY OF SOUTH FLORIDA, BOARD
OF TRUSTEES,

      Defendant.



## **SUMMONS**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

      **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s)

University of South Florida
Office of the Board of Trustees Operations
4202 E. Fowler Avenue, CGS301
Tampa, FL 33620

      Each defendant is required to serve written defenses to the complaint or petition on **R. Michael Pierro, Jr.,** plaintiff's attorney, whose address is **Calciano Pierro, PLLC, 146 2ⁿᵈ Street North, Suite 304, St. Petersburg, FL 33701**, within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED on   November 8, 2024   .**

Attorney: R. Michael Pierro, Jr.
Attorney for: Plaintiff
Address: Calciano Pierro, PLLC
146 2ⁿᵈ Street North, Suite 304
St. Petersburg, FL 33701

Florida Bar Number: 0013023

**CINDY STUART**
**As Clerk of the Court**

**By:** Alina Kauntz

**As Deputy Clerk**
P.O. Box 3360      800 E. Twiggs St
Tampa, FL 33601    Room 101
                    Tampa, FL 33602

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

Florida Rules of Civil Procedure Form 1.902(a) (Revised 02/18/2021)        Page 1 of 3

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de ADA, Hillsborough County Courthouse, 800 E. Twiggs St., Sala 604, Tampa, Florida 33602, (813) 272-7040, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## **IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter le coordinateur de l'ADA Hillsborough County Courthouse, 800 E. Twiggs St., Salle 604, Tampa, Florida 33602, (813) 272-7040 au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prevue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

### **Enpòtan**

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan HillsboroughCounty Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

Florida Rules of Civil Procedure Form 1.902(a) (Revised 02/18/2021)                    Page 3 of 3

--

## RETURN OF SERVICE

**State of Florida**     **County of Hillsborough**     **Circuit Court**

Case Number: 24-CA-008925

Plaintiff:
**JENNIFER HOOD**

vs.

Defendant:
**UNIVERSITY OF SOUTH FLORIDA, BOARD OF TRUSTEES**

For:
CALCIANO PIERRO
146 2ND STREET NORTH
SUITE 310
ST PETERSBURG, FL 33701

Received by FJB LLC d/b/a Above The Rest Process Service on the 27th day of February, 2025 at 5:00 pm to be served on **UNIVERSITY OF SOUTH FLORIDA, BOARD OF TRUSTEES, 4202 E FOWLER AVE, CGS301, TAMPA, FL 33620**

I, Frank Bursa, do hereby affirm that on the **3rd day of March, 2025** at **2:25 pm, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS, CIVIL COVER SHEET, COMPLAINT AND DEMAND FOR JURY TRIAL, NOTICE OF APPEARANCE AND EMAIL DESIGNATIONS, REQUEST FOR DIVISION ASSIGNMENT and DIFFERENTIATED CASE MANAGEMENT ORDER & NOTICE OF CASE MANAGEMENT HEARING** with the date and hour of service endorsed thereon by me, to: **Julie Haerrin** as **Legal Administrator** for **UNIVERSITY OF SOUTH FLORIDA, BOARD OF TRUSTEES**, at the alternate address of: **11710 Usf Genshaft Drive, Tampa, FL 33620**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2)

        _____

**Frank Bursa**
CPS #10-749731

**FJB LLC d/b/a Above The Rest Process Service**
info@abovetherestprocess.com
**P.O. Box 6367**
**Brandon, FL 33508-6007**
**(813) 344-8812**

Our Job Serial Number: ATR-2025000717

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

--

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY FLORIDA**
**CIVIL DIVISION**

JENNIFER HOOD,

                    Plaintiff,

v.

UNIVERSITY OF SOUTH FLORIDA,        Case No. 2024-CA-008925
BOARD OF TRUSTEES,

                    Defendant.

_____

**NOTICE OF APPEARANCE**
**AND DESIGNATION OF EMAIL ADDRESSES**

      PLEASE TAKE NOTICE that, pursuant to *Florida Rules of Judicial Administration* Rule 2.516(b)(1)(A), **Jason A. Pill** and **Chris B. Bach**, of the law firm of **Phelps Dunbar LLP**, hereby file their Notice of Appearance as Counsel for the **Defendant University of South Florida, Board of Trustees**, and request service copies of all pleadings, court orders, notices, and all other documents related to this action be forwarded to the undersigned at the following designated primary and secondary email addresses:

        Primary Email Address:     jason.pill@phelps.com
        Secondary Email Address:  chris.kaniecki@phelps.com

        Primary Email Address:     chris.bach@phelps.com
        Secondary Email Address:  fransheska.reyes@phelps.com

Date:  March 21, 2025

                    */s/ Chris B. Bach*_____
                    Jason A. Pill | FBN 70284
                    Chris B. Bach | FBN 1048993
                    PHELPS DUNBAR LLP
                    100 South Ashley Drive - Suite 2000
                    Tampa, Florida  33602-5315
                    Telephone:  (813) 472-7550
                    Facsimile:  (813) 472-7570
                    jason.pill@phelps.com
                    chris.bach@phelps.com

                    *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of March, 2025, the foregoing was electronically filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to all counsel of record in this matter.

<u>/s/ Chris B. Bach</u>
*Attorney*

--

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY FLORIDA**
**CIVIL DIVISION**

JENNIFER HOOD,

     Plaintiff,

v.

UNIVERSITY OF SOUTH FLORIDA,    Case No. 2024-CA-008925
BOARD OF TRUSTEES,

     Defendant.

_____

**DEFENDANT UNIVERSITY OF SOUTH FLORIDA,**
**BOARD OF TRUSTEES' UNOPPOSED MOITON FOR**
**ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT**

  Pursuant to Florida Rule of Civil Procedure 1.090(b), Defendant University of South Florida, Board of Trustees ("Defendant") moves this Court for an enlargement of time, up to and including April 14, 2025, to respond to the Complaint filed by Plaintiff Jenifer Hood.  In support of this Motion, Defendant states as follows:

1. Plaintiff filed the Complaint on November 7, 2024.

2. Plaintiff did not serve Defendant with the Complaint until March 3, 2025.

3. Counsel for Defendant has only recently been retained and needs additional time to investigate the claims at issue.

4. Defendant requests an enlargement of time, up to and including April 14, 2025, to prepare an appropriate response.

5. Rule 1.090(b) provides that "[w]hen an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion … may order the period enlarged if request therefor is made before the expiration of the period originally prescribed …."

6.      This Motion is filed in good faith and not for any purpose of undue delay. If granted, this enlargement of time will not prejudice the parties or otherwise unduly delay these proceedings.

7.      Undersigned counsel conferred with Plaintiff's counsel, and Plaintiff's counsel stated that Plaintiff does not oppose the extension requested by this Motion.

8.      A proposed agreed Order granting the requested enlargement is attached to this Motion as Exhibit A. The parties agree that a hearing is not necessary for the Court to enter the proposed agreed Order.

WHEREFORE, Defendant respectfully requests that the Court enter the proposed agreed Order granting Defendant an extension, up to and including April 14, 2025, to respond to the Complaint.

Respectfully submitted this 21st day of March, 2025.

*/s/ Chris B. Bach*
Jason A. Pill | FBN 70284
Chris B. Bach | FBN 1048993
PHELPS DUNBAR LLP
100 South Ashley Drive - Suite 2000
Tampa, Florida  33602-5315
Telephone:  (813) 472-7550
Facsimile:  (813) 472-7570
jason.pill@phelps.com
chris.bach@phelps.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of March, 2025, the foregoing was electronically filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to all counsel of record in this matter.

*/s/ Chris B. Bach*
*Attorney*

2

# EXHIBIT A

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY FLORIDA
CIVIL DIVISION**

JENNIFER HOOD,

        Plaintiff,

    v.

                          Case No. 2024-CA-008925

UNIVERSITY OF SOUTH FLORIDA,
BOARD OF TRUSTEES,

        Defendant.

_____

**AGREED ORDER GRANTING DEFENDANT UNIVERSITY
OF SOUTH FLORIDA, BOARD OF TRUSTEES' UNOPPOSED
MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT**

    THIS CAUSE having come before this Honorable Court on the Unopposed Motion for Enlargement of Time to Respond to Complaint filed by Defendant University of South Florida, Board of Trustees, and being otherwise fully advised in the premises:

    **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant's Unopposed Motion for Enlargement of Time to Respond to Complaint is **GRANTED** as follows: Defendant may file its response to the Complaint on or before April 14, 2025.

    DONE AND ORDERED in Chambers on this ___ day of _____, 2025.

                          _____

                           CIRCUIT COURT JUDGE